UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

3799 MILL RUN PARTNERS, LLC,

   Plaintiff,                           :      Case No. 2:19-cv-3655

   -vs-                                Judge Sarah D. Morrison
                                         Magistrate Judge Kimberly A. Jolson

CITY OF HILLIARD,

                                         :

   Defendant.

**OPINION AND ORDER**

This matter is before the Court upon Defendant City of Hilliard's Motion to Dismiss the Complaint (ECF No. 8), Plaintiff 3799 Mill Run Partners, LLC's Memorandum in Opposition (ECF No. 10), and Defendant's Reply (ECF No. 11). For the reasons that follow, the Court **GRANTS** Defendant's Motion.

**I.    FACTUAL ALLEGATIONS**

In late 2015 and early 2016, Plaintiff 3799 Mill Run Partners, LLC ("Plaintiff") began putting together plans for the construction of a shooting range at 3799 Mill Run Drive in Hilliard, Ohio. (Compl. ¶¶ 9–12, ECF No. 1). As part of that process, Plaintiff sought an amendment to the Mill Run Planned Unit Development ("PUD") to allow a shooting range at the planned location. (*Id.* ¶¶ 10, 14).

On April 14, 2016, the Planning and Zoning Commission met and voted against the proposed modification to the Mill Run PUD. (*Id.* ¶¶ 15, 16). According to Plaintiff, the "Record of Action" identified that the requested modification fell under Hilliard City Code Chapter 1117. (*Id.* ¶ 16). Pursuant to City rules, Plaintiff then requested a determination from the Hilliard City Council. (*Id.* ¶ 18).

1

On May 23, 2016, the Hilliard City Council met to consider Resolution 16-R-41, which would "amend the Mill Run PUD to add 'indoor shooting range' as a permitted use for the 3799 Mill Run Drive property." (*Id*. ¶ 19). The City Council voted 4-3 in favor of overturning the Planning and Zoning Commission's negative recommendation as to the proposed modification to the Mill Run PUD. (*Id.* ¶ 22). However, Resolution 16-R-41 failed because according to then-City Law Director Tracy Bradford, a supermajority vote was needed to overturn a negative recommendation of the Planning and Zoning Commission. (*Id.* ¶¶ 23–24). Plaintiff claims that the Hilliard City Council applied the wrong voting requirement to Resolution 16-R-41. (*Id.* ¶ 25).

Plaintiff alleges that in early 2019, Ms. Bradford confirmed that while city officials were researching another zoning application to determine how many votes were required to overturn a negative recommendation from the Planning and Zoning Commission, "they discovered inconsistent requirements for City Council to approve PUD rezoning applications that differed from the requirements for Council to approve other types of rezoning cases." (*Id.* ¶ 28). Correspondingly, on January 11, 2019, Hilliard Clerk of Council Lynne Fasone wrote to Hilliard City Councilmembers:

> [T]here is inconsistency in our code between rezoning property to a PUD (Chapter 1117) and rezoning property from one classification or district to another (i.e., straight rezoning), in Chapter 1139. Chapter 1117 does not require a super majority vote of Council to vote differently than what was recommended by P&Z. But for straight rezonings in Chapter 1139, a super majority is required for Council to vote differently than what was recommended by P&Z.

(*Id.* ¶ 29).

According to Plaintiff, "[o]n February 25, 2019, the City amended Chapters 1117 and 113[9] of the codified ordinances to resolve the issue that led to the improper application of a supermajority requirement." (*Id.* ¶ 31). Plaintiff alleges that had the simple majority requirement been correctly applied on May 23, 2016, as required by Chapter 1117, Plaintiff would have been

2

approved to move forward with its shooting range development as planned at 3799 Mill Run Drive. (*Id.* ¶¶ 30, 32–34). Plaintiff also claims that the City's actions "were pursuant to a custom, policy, and/or custom of applying the incorrect voting standard to Chapter 1117 modifications." (*Id.* ¶ 38).

On August 22, 2019, Plaintiff filed a Complaint alleging two counts of violation of 42 U.S.C. § 1983, deprivation of property and liberty interests without due process of law, against the City of Hilliard ("Defendant"). (ECF No. 1). On October 29, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim. (ECF No. 8). Plaintiff responded on November 19 (ECF No. 10), and Defendant filed a reply brief on December 2 (ECF No. 11). The Motion is now ripe for review.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v.*

3

*Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III.  ANALYSIS

Defendant argues that Plaintiff's Complaint should be dismissed for three reasons: (1) it was filed beyond the two-year statute of limitations; (2) it does not allege an actionable *Monell* claim;[1] and (3) misinterpretation of a local ordinance is not a due process violation. Defendant's first argument is dispositive.

Ohio's two-year general statute of limitations contained in Ohio Revised Code § 2305.10 applies to 42 U.S.C. § 1983 actions arising in Ohio. *Banks v. City of Whitehall*, 344 F.3d 550, 553–54 (6th Cir. 2003); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). "Since Ohio's statute of limitations applies to section 1983 claims, so does its tolling statute, unless the result is inconsistent with federal law." *Michelle R. v. Village of Middleport*, No. 2:19-cv-2272, 2019 WL 4452678, at *4 (S.D. Ohio Sep. 17, 2019). "Under Ohio law, the statute of limitations for section 1983 claims may only be tolled when—at the time the cause of action accrued—the plaintiff was either a minor or was 'of unsound mind.'" *Id.* (citing Ohio Rev. Code § 2305.16). Yet, federal law governs when a cause of action accrues and the statutory period begins to run. *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010).

Plaintiff does not dispute that Ohio's two-year general statute of limitations applies in this case. Nor does Plaintiff suggest that either of the tolling circumstances explicitly delineated in Ohio's tolling statute apply here. Instead, Plaintiff requests that the Court apply the federal

---

[1] A *Monell* claim is a claim against a municipality that its policy or custom caused a constitutional violation first recognized in *Monell v. Dept. of Soc. Services of the City of New York*, 436 U.S. 658 (1978).

4

doctrine of equitable tolling to save its claims. That is, Plaintiff asserts that its claims should be viewed as undiscoverable until Defendant amended its City Code on February 25, 2019 to remove the inconsistency in voting requirements for modifications to different types of zoning.

Plaintiff does not cite any Ohio equitable tolling rules, so it waives an argument it may have under those rules. *Simmons v. Sigler*, No. 2:19-cv-4108, 2020 WL 2557051, at *5 (S.D. Ohio May 20, 2020). Similarly, Plaintiff does not suggest that Ohio's tolling rules clash with federal law. Thus, Plaintiff "forfeits any argument [it] might have had regarding the federal equitable tolling rules, since asserting inconsistency is 'the only circumstance in which [the Court] could apply the federal rules.'" *Watkins v. Columbus City Schools*, No. 2:19-cv-394, 2020 WL 1290298, at *6 (S.D. Ohio Mar. 18, 2020) (quoting *Roberson v. Macnicol*, 698 F. App'x 248, 250–51 (6th Cir. 2017)). However, even if Plaintiff could rely on federal tolling rules here, its argument is not persuasive.

The equitable tolling doctrine "permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity." *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007). It should be invoked sparingly. *Id*. Under the doctrine of equitable tolling, "the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008). The Sixth Circuit has set out five factors that courts may consider in determining whether the doctrine applies: "1) plaintiff's lack of notice of the filing requirement; 2) plaintiff's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's legal rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim." *Baden-Winterwood*, 484 F. Supp. 2d at 826–27 (citing *Allen v. Yukins*, 366 F.3d 396, 401 (6th

Cir. 2004)). The Court need not consider each factor nor is the list exhaustive. *Id*. at 827. Moreover, absence of prejudice to the defendant is to be considered only after a factor that might justify tolling is identified. *Id.* at 827 n.1.

According to the Complaint, it was clear at the time of the May 23, 2016 City Council vote that Chapter 1117 applied to Plaintiff's modification request. (Compl. ¶ 16). Similarly, Plaintiff alleges that Chapter 1117 only required a simple majority vote to overturn a negative recommendation regarding PUD rezoning applications. (*Id.* ¶¶ 25–26, 29–30). Thus, reasonable diligence in reading the applicable City Code Chapter at that time would have provided immediate notice of the injury now complained of and the cause of that injury.

Although Defendant later amended the Chapters to resolve the inconsistency between the voting requirements for different zoning modifications, such resolution does not negate that the Complaint itself alleges that Chapter 1117 applied on May 23, 2016 and that Chapter 1117 only required a simple majority vote. (*Id.*). Moreover, the fact that "[t]he individuals involved with 3799 Mill Run Partners are not attorneys" and "the City told them repeatedly that a supermajority was required" does not save the action. (Memo. Opp., 8, ECF No. 10). "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000) (internal quotations omitted) (noting that the Supreme Court has "'never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel'") (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (reiterating that a plaintiff's "lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"). This is far from a case where Plaintiff's "failure to meet a legally-mandated

6

deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 561–62; *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151–52 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). The alleged injury was discoverable with reasonable diligence on May 23, 2016. Thus, even if federal tolling rules applied, Plaintiff is not entitled to equitable tolling of the applicable two-year statute of limitations. Plaintiff's claims are time-barred.

Accordingly, Defendant's Motion to Dismiss the Complaint is **GRANTED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 8). The Complaint is **DISMISSED.** (ECF No. 1). The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

                                                  /s/ Sarah D. Morrison
                                                  SARAH D. MORRISON
                                                  UNITED STATES DISTRICT JUDGE